**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert R. and Deborah L. Macy, <br><br>        Plaintiffs, <br><br> vs. <br><br> Western Imperial 2000, LLC, <br><br>        Defendant. | No. CV-06-1553-PHX-PGR <br><br> ORDER |

The defendant removed this action on June 16, 2006 solely on the basis of diversity of citizenship jurisdiction. Having reviewed the defendant's Notice of Removal to Federal Court to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal

---

[1] The defendant is advised that the capitalization of the parties' names in the caption of the Notice of Removal violates LRCiv 7.1(a)(3).

- 1 -

jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990). The defendant has not met its jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party.

The Notice of Removal fails to allege the citizenship of the plaintiffs inasmuch as it merely states that they are individuals "residing in Maricopa County, Arizona." This allegation of residency is insufficient as a matter of law under 28 U.S.C. § 1332 because, as the Supreme Court has also repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The Notice of Removal also fails to allege the citizenship of the defendant inasmuch as it merely states that the defendant "is a California limited liability company with its principal place of business in California." This allegation is

- 2 -

insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists for purposes of § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") What is thus required in the Notice of Removal is an affirmative allegation of the citizenship of each member of the defendant limited liability company.

In order to cure these pleading deficiencies, the Court will require the defendant to file an amended notice of removal that affirmatively states the citizenship of each party. The defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the defendant shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **July 7, 2006.**

DATED this 19th day of June, 2006.

_____
Paul G. Rosenblatt
United States District Judge

- 3 -