**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert R. and Deborah L. Macy, | ) | |
| Plaintiffs, | ) ) ) | No. CV-06-1553-PHX-PGR |
| vs. | ) | |
| Western Imperial 2000, L.L.C. | ) ) | OPINION and ORDER |
| Defendant. | ) ) | |

Among the motions pending before the Court is the Plaintiffs'/Counter-defendants' Motion for Summary Judgment as to Count One of the Complaint and as to the Counterclaim (doc. #16).  Having considered the parties' memoranda in light of the evidence of record and the oral argument of counsel, the Court finds that the motion should be denied because there are genuine issues of material fact.

This action stems from a Vacant Land/Lot Purchase Contract that the parties entered into in November of 2005 involving the defendant's purchase of four lots in Chandler, Arizona from the plaintiffs.  The plaintiffs, through their complaint, and the defendant, through its amended counterclaim, have each filed claims for breach of contract and for specific performance.  The main issue between the parties concerning the breach of contract claims involves the timing

1    of the close of escrow, which has yet to occur.  While the form real estate

2    contract provided that escrow was to have closed on February 2, 2006 (line 36),

3    the parties added a typewritten addition to the form contract that included a

4    zoning contingency provision (lines 405-414) that states that the close of escrow

5    is contingent on the defendant securing an acceptable change of zoning on the

6    lots, which also has yet to occur.[1]

7         The gist of the plaintiffs' main contention is that the defendant has

8    materially breached the contract as a matter of law by failing to date to close

9    escrow notwithstanding that the close of escrow date was February 2, 2006.

10   They argue that the plain language of the contract required the defendant to close

11   escrow by February 2nd and that only contingency in the contract that could have

12   extended the close of escrow date passed February 2nd was what they refer to as

13   the "90-day zoning contingency period" which they contend ended on February

14   21, 2006.  They further argue that any interpretation of the contract that gives the

15

16   _____

[1]

17        The zoning contingency provision (lines 405-414 of the contract) provides that

18

19   [c]lose of escrow is contingent on buyer securing an acceptable
     change of zoning on all or part of the property described in lines 16-

20   19.  Buyer will use it's [sic] best efforts to secure a zoning change,
     and promises to keep seller reasonably apprised of it's [sic]

21   progress.  If the zoning change is not granted within ninety days (90)
     from the acceptance of this contract, buyer may elect to terminate

22   this contract.  Buyer will determine in it's [sic] sole discretion whether
     a zoning change is acceptable.  All earnest money will be fully

23   refunded to buyer with five (5) days of contract termination.  If an
     acceptable zoning change is made by the relevant authorities prior to

24   the close of escrow date in line 36, close of escrow will occur on 02-
     02-2006 as scheduled.

25

26

- 2 -

1  defendant an open-ended amount of time to close escrow would violate the Rule

2  Against Perpetuities, as codified at A.R.S. § 33-261.[2]   The gist of the defendant's

3  defense is that an acceptable zoning change is a condition precedent to its

4  obligation to close escrow and that the parties intended that the zoning

5  contingency be satisfied within a reasonable time given that at the time the

6  parties executed the contract the City of Chandler was taking between six months

7  and two years to process zoning change requests.

8       The Court concludes that the plaintiffs are not entitled to summary

9  judgment as to the breach of contract claims because it cannot be determined as

10  a matter of law on the current limited record that the defendant has materially

11  breached the contract.  The interpretation of a contract is a question of law for the

12  court and where the language of the contract is clear and unambiguous, it must

13  be given effect as it is written. Hadley v. Southwest Properties, Inc., 116 Ariz.

14  503, 570 P.2d 190, 193 (1977).  The zoning contingency provision, which is a

15  typewritten addition to the printed form contract, clearly modifies the scheduled

16  close of escrow date.[3]   See Wilhorn Builders, Inc. v. Cortaro Management Co., 82

17  Ariz. 48, 308 P.2d 251, 252 (1957) ("[I]t is the law that a special provision written

18  into a contract will prevail over the general provisions thereof, and if the written

19  _____

20  [2]

     The Rule Against Perpetuities provides that no interest is good unless it

21  must vest, if at all, not later than twenty-one years after some life in being at the

22  creation of the interest.   A.R.S. § 33-261 provides that "[t]he common law rule

known as the rule against perpetuities shall hereafter be applicable to all property

23  of every kind and nature and estates and other interests therein, whether

personal, real or mixed, legal or equitable by way of trust or otherwise."

24  [3]

     The zoning contingency provision expressly provides that the close of

25  escrow was to occur on the February 2, 2006 scheduled date only if a zoning

26  change acceptable to the defendant was obtained prior to the February 2nd date.

1    provisions in a contract are inconsistent with printed provisions, the written matter

2    deliberately added by the parties must prevail.")   There is nothing in the zoning

3    contingency provision, or in the contract read as a whole, that required the

4    defendant to obtain a zoning change within 90 days of its acceptance of the

5    contract or that allowed the plaintiffs to cancel the contract if escrow did not close

6    within that 90-day period - the zoning contingency only allowed the defendant to

7    cancel the contract if an acceptable zoning change was not obtained within 90

8    days and the defendant, as was its right, declined to do so when the 90 days

9    passed without a zoning change.  *See* Pruitt v. Pavelin, 141 Ariz. 195, 685 P.2d

10   1347, 1356 (App. 1984) ("As a general rule, a party may waive any provision of a

11   contract intended for his sole benefit.")

12            The plaintiffs' contention that the contract cannot be read so as to give the

13   defendant an unlimited amount of time to obtain a zoning change is, however,

14   correct to the extent that Arizona law implies that the defendant must obtain the

15   zoning change within a reasonable amount of time. Zancanaro v. Cross, 85 Ariz.

16   394, 339 P.2d 746, 749 (1959) ("Where no time is specified within which a

17   promise must be performed, a reasonable time is implied.")   Since a reasonable

18   time period is implied, the zoning contingency does not violate the Rule Against

19   Perpetuities.  Byke Construction Co. v. Miller, 140 Ariz. 57, 680 P.2d 193, 195

20   (App. 1984) (Court, in rejecting argument that an option in a real estate contract

21   that permitted the seller to repurchase the property if the buyer did not begin

22   construction by a prescribed date violated the rule against perpetuities because

23   there was no time limit on the repurchase option, concluded that the option did

24   not violate the rule because the law implied that the option had to be exercised

25   within a reasonable amount of time and a reasonable time would in any case be

26

1   less than 21 years.)   What would constitute a reasonable amount of time for the

2   defendant to obtain an acceptable zoning change under the circumstances of this

3   case cannot be resolved by summary judgment because it is a question of fact

4   under Arizona law. Zancanaro, 339 P.2d at 749.; *accord*, Dutch Inns of America,

5   Inc. v. Horizon Corp., 18 Ariz.App. 116, 500 P.2d 901, 904 (App. 1972) ("It is a

6   fundamental principle of contract law that where no time is specified for

7   performance, a reasonable amount of time is implied.  What constitutes a

8   reasonable time is ordinarily a question of fact.")

9        The plaintiffs' contentions that the defendant also breached the contract by

10  failing to keep them reasonably apprised of its efforts to obtain an acceptable

11  zoning change and by failing to use its best efforts to timely obtain an acceptable

12  zoning change also cannot be resolved by summary judgment.  First, even if the

13  Court were to assume that the appraisal requirement is a material obligation under

14  the contract for purposes of the provisions in the contract governing remedies,

15  which is an issue that the plaintiffs do not discuss, the issue is one for the trier of

16  fact to resolve since it involves the determination of whether the information the

17  defendant provided, as set forth through the declaration of Guy Hurst, was

18  reasonable under the circumstances.

19       Second, the issue of whether the defendant has used its "best efforts" is

20  also for the trier of fact to resolve because the term, which is not defined in the

21  contract or by Arizona case law, is widely held to be an ambiguous contract term

22  whose meaning is dependent on the factual circumstances surrounding the

23  agreement, *see* Martin v. Monumental Life Ins. Co., 240 F.3d 223, 233 (3rd Cir.

24  2001), and because the reasonableness of the defendant's conduct, as set forth

25  by the declaration of Ron Hassid, is tied in part to the resolution of the issue of

26

- 5 -

1    whether the plaintiffs first breached the contract by instructing the escrow

2    company to cancel the contract effective March 10, 2006, based on their belief as

3    to when the defendant was required to close escrow.

4         The Court also concludes that the plaintiffs' summary judgment motion

5    must be denied due to the mediation provision of the contract (lines 361-372)

6    which provides in relevant part that "Buyer and Seller agree to mediate any

7    dispute or claim arising out of or relating to this Contract, any alleged breach of

8    this Contract, or services provided in relation to this Contract before resorting to

9    court action."  Given that the parties agreed at the oral argument held on August

10   20, 2007 to now submit this matter to private mediation, the Court will defer

11   determining whether the mediation provision is a condition precedent that

12   requires the dismissal of this action.

13        Also pending before the Court is the Plaintiffs'/Counterdefendants' Motion

14   to Quash Lis Pendens (doc. #36).  Having considered the parties' memoranda

15   and the oral argument of counsel, the Court finds that the motion should be

16   granted.

17        At the time the parties' real estate contract was entered into, the plaintiffs

18   did not own one of the four lots at issue  - they had a contract to buy one of the

19   lots (the "flip parcel") from a third party, with their acquisition of it to be finalized

20   simultaneously with the closing of escrow under the contract at issue.  The

21   owners of the flip parcel subsequently defaulted on their mortgage and the parcel

22   was sold at a trustee's sale on February 22, 2007 to another non-party, who

23   subsequently resold it.  The defendant filed a notice of lis pendens on May 31,

24   2007 concerning the remaining three lots at issue; the notice was recorded on

25   June 4, 2007.

26

1    It is undisputed that while an action for specific performance will support a

2    notice of lis pendens under Arizona law, an action solely for money damages will

3    not. Coventry Homes, Inc. V. Scottscom Partnership, 155 Ariz. 215, 745 P.2d

4    962, 964 (App. 1987) ("It is well established that a lis pendens may not be

5    predicated on an action or suit for money judgment but applies only to an action

6    or suit which directly affects the title to real property.")  A lis pendens filed in an

7    action that does not affect title to real property is void. Id.  The Court agrees with

8    the plaintiffs' contention that the lis pendens must be quashed because at the

9    time it was recorded this action had become solely an action for money damages

10   pursuant to the parties' breach of contract claims.

11   Specific performance is no longer a viable remedy for the plaintiffs because

12   they expressly made an election through their summary judgment motion to drop

13   their specific performance claim in favor of their breach of contract claim.  The

14   defendant no longer has a viable specific performance counterclaim because the

15   sale of the flip parcel to a non-party has made specific performance of the

16   contract impossible.  The Court rejects the defendant's contention, raised during

17   the oral argument, that specific performance is still possible as to the three

18   remaining lots because the defendant has made no showing that the sale of the

19   lots were severable under the contract and the Court is not aware of any

20   provision of the contract that provides for anything other the sale of all four lots

21   together.  See Valley Medical Specialists v. Farber, 194 Ariz. 363, 982 P.2d 1277,

22   1286 (1999) ("Where the severability of the agreement is not evident from the

23   contract itself, the court cannot create a new agreement for the parties to uphold

24   the contract.")

25   During the oral argument on the pending motions, it was first brought to the

26

- 7 -

1   Court's attention that plaintiff Robert Macy is now deceased.   In light of that
2   disclosure, which should have been brought to the Court's attention immediately
3   after Mr. Macy's death, the Court will require the plaintiffs to forthwith file a notice
4   of his death in compliance with Fed.R.Civ.P. 25(a).  The plaintiffs' notice shall
5   state the date of Mr. Macy's death and whether Mrs. Macy shall remain the sole
6   plaintiff or whether there is expected to be a substitution of a new plaintiff for Mr.
7   Macy.   Therefore,

8          IT IS ORDERED that the Plaintiffs'/Counterdefendants' Motion for
9   Summary Judgment as to Count One of the Complaint and as to the
10  Counterclaim (doc. #16) is denied.

11         IT IS FURTHER ORDERED that Count II of the plaintiffs Macys' complaint
12  (the specific performance claim), and Count II of defendant Western Imperial
13  2000, L.L.C.'s amended counterclaim (the specific performance claim) are both
14  dismissed with prejudice.

15         IT IS FURTHER ORDERED that Plaintiffs'/Counterdefendants' Motion to
16  Quash Lis Pendens (doc. #36) is granted and that defendant Western Imperial
17  2000, L.L.C.'s Notice of Lis Pendens (doc. #35) recorded on June 4, 2007 with
18  the Maricopa County Recorder's Office as instrument no. 07-0645948 is
19  quashed.

20         IT IS FURTHER ORDERED that the plaintiffs shall forthwith file a notice of
21  the death of plaintiff Robert R. Macy in compliance with this Order and
22  Fed.R.Civ.P. 25(a).

23         IT IS FURTHER ORDERED that the parties shall file their Joint Pretrial
24
25
26
                                      - 8 -

Statement and any motions in limine no later than **November 9, 2007**.[4]

IT IS FURTHER ORDERED that the Pretrial Conference shall be held on **Monday, December 10, 2007, at 3:30 p.m.** in Courtroom 601.[5]

DATED this 21st day of August, 2007.


Paul G. Rosenblatt
United States District Judge

---

[4]  The parties shall review paragraphs 5 and 6 of the Scheduling Order (doc. #13).

[5]  The parties shall review paragraphs 7 and 8 of the Scheduling Order (doc. #13).