**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert R. and Deborah L. Macy,<br><br>          Plaintiffs,<br>     vs.<br><br>Western Imperial 2000, LLC,<br><br>          Defendant. | No. CV-06-1553-PHX-PGR<br><br>ORDER |

In an order entered on August 21, 2007 (doc. #43), wherein the Court in part denied the plaintiffs' summary judgment motion, the Court ordered the parties to file their Joint Pretrial Statement by November 9, 2007 and set the Pretrial Conference for December 10, 2007.  Pending before the Court is the parties' overly succinct Stipulation to Amend Pleadings and Regarding Discovery, filed September 27, 2007.  For the reasons set forth below, the Court rejects the stipulation in its entirety.

The parties stipulate in part, without explanation, that the plaintiffs' complaint may be amended to add a third count for rescission, notwithstanding that the deadline set by the Scheduling Order (doc. #13) for amending pleadings was September 15, 2006.[1]  Such a stipulation is improper at this point in the

---

[1] The Court notes that the stipulation fails to state what the purpose of

1  proceedings because paragraph 9 of the Scheduling Order specifically informed
2  the parties that any request to change a deadline set by the order had to be by
3  motion and not by stipulation, and, more importantly, because any request to
4  amend the complaint now is governed by the "good cause" standard of
5  Fed.R.Civ.P. 16, not by the liberal amendment standard of Fed.R.Civ.P. 15(a).
6  Coleman v. Quarker Oats Co,, 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson
7  Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule
8  16(b), the plaintiffs must show good cause for not having amended their
9  complaint before the time specified in the Scheduling Order, Coleman, 232 F.3d
10 at 1294, and they have made no effort to do so.[2]

11 The parties also stipulate that discovery and disclosure may be extended
12 through November 30, 2007, although without mentioning on what subject and
13 without making any effort to explain why the Court should allow it.  As the
14 stipulation alludes, the discovery deadline was November 3, 2006, and the Court
15 has not been presented with any reason to now reopen discovery.

16 The parties further stipulate, again without explanation, that the plaintiffs

---

the proposed amendment is, and that the proposed amended complaint violates LRCiv 15.1(a) because it fails to underline the text to be added.  The Court further notes that the parties' stipulation and the plaintiffs' proposed pleadings violate LRCiv 7.1(a)(3) by improperly capitalizing the parties' names in the captions.

[2] The proposed amended complaint is also improper in that it makes claims on behalf of plaintiff Robert Macy notwithstanding that he is now deceased.  The Court still has no information before it about the status of Mr. Macy's estate or its relationship to the claims in this action.  The Court notes that the plaintiffs' Suggestion of Death (doc. #44) failed to comply with that portion of the Court's order (doc. #43), entered on August 21, 2007, that specifically required the plaintiffs' notice of Mr. Macy's death to "state the date of Mr. Macy's death and whether Mrs. Macy shall remain the sole plaintiff or whether there is expected to be a substitution of a new plaintiff for Mr. Macy."

may file a third-party complaint to allege breach of contract and negligence claims against Choice Realty, L.L.C. and Guy Hurst and Jane Doe Hurst, presumably pursuant to Fed.R.Civ.P. 14(b) which provides that "[w]hen a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought in under the circumstances which under this rule would entitle a defendant to do so."[3]  Such a stipulation is improper if for no other reason than because a third party complaint may not now be filed without leave of the Court since more than ten days have past since the plaintiffs filed their original reply to the defendant's counterclaim, as well as their reply to the defendant's amended counterclaim. Fed.R.Civ.P. 14(a); *cf.* Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987) ("If the third-party complaint is not filed within ten days after the defendant's original answer is served, then ... the defendant must ask the trial court for leave to implead.")  The plaintiffs have not filed the required motion, much less made any effort to explain why a third-party complaint should be allowed at this late date in the litigation. *See* Southwest Administrators, 791 F.2d at 777 ("The decision whether to

---

[3] Although the designation of the plaintiffs in the proposed third-party complaint differs from that of the proposed amended complaint in that the former states that it is being brought by "Deborah L. Macy, for herself and on behalf of Robert R. Macy, deceased", the Court notes that it cannot tell from the record whether the proposed third-party complaint is being brought in the name of the real party in interest as required by Fed.R.Civ.P. 17(a) given the lack of information about the status of Mr. Macy's estate.

The Court further notes that the proposed third-party complaint does not allege any basis for federal subject matter jurisdiction.  To the extent that the plaintiffs are attempting to rely on this Court's supplemental jurisdiction, there is no supplemental jurisdiction in diversity of citizenship cases over claims by plaintiffs against persons made parties under Fed.R.Civ.P. 14.  28 U.S.C. § 1367(b).

implead a third-party defendant is addressed to the sound discretion of the trial court. ... It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action.") Therefore,

IT IS ORDERED that the parties' Stipulation to Amend Pleadings and Regarding Discovery (doc. #47) is rejected.

DATED this 11th day of October, 2007.

Paul G. Rosenblatt
United States District Judge