**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L. Macy,<br><br>      Plaintiff,<br>vs.<br><br>Western Imperial 2000, LLC,<br><br>      Defendant. | No. CV-06-1553-PHX-PGR<br><br>ORDER |

Having reviewed the plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Costs (doc. #74), the Court finds that the plaintiff, as the prevailing party in this breach of contract action, is entitled to $47,068.50 in attorneys' fees and $1,983.27 in non-taxable expenses pursuant to A.R.S. 12-341.01(A) and the terms of the parties' contract.

Notwithstanding that the defendant has not objected to the $48,045.00 in attorneys' fees requested by the plaintiff, the Court is not obligated to accept the plaintiff's counsel's billing judgment uncritically; rather, it is obligated to determine the reasonableness of both the hours expended and the rates charged by the plaintiff's counsel. While the Court has no significant issue with the number of hours billed by the plaintiff's counsel, the Court cannot entirely accept the rates billed by counsel for certain tasks. The Court will therefore reduce the requested

1  fee award by $976.50.

2  First, the Court will reduce the requested fee to reflect the plaintiff's counsel's improper billing at her full hourly rate for tasks she performed that were easily delegable to her non-attorney staff.  *See* New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., 72 F.3d 830, 835 (10th Cir.1996) ("When a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal services rates are not applicable."); Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3rd Cir. 1983) ("Nor do we approve of the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates.  Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.  A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.")  The Court concludes that the plaintiff's counsel charged 2.1 hours for work that she reasonably should have delegated and the Court will award fees for those hours at $100 per hour, the rate billed by the plaintiff's counsel's junior legal assistant.[1]  This amounts to a reduction of $405.50 from the requested fee amount.

Second, the Court is also reducing the requested fee by $325.00 because the plaintiff's counsel billed for 1.3 hours of unnecessary work on December 21, 2006 related to her drafting of the Joint Pretrial Statement.[2]  As was made clear

---

[1]  The affected tasks are time sheet entries #56 (.2 hours charged at $250/hour), #125 (.3 hours charged at $285/hour), #259 (.2 hours charged at $300/hour), #269 (.3 hours charged at $300/hour), #295 (.2 hours charged at $300/hour), #296 (.1 hour charged at $300/hour), #321 (.7 hours charged at $300/hour), and #337 (.1 hour charged at $300/hour).

[2]  The time entries at issue are #113 and #114.

1  by the Court's Scheduling Order (doc. #13), the deadline of January 5, 2007 for
2  filing the Joint Pretrial Statement was to be automatically vacated if a dispositive
3  motion was then pending, which it was since the plaintiff filed a summary
4  judgment motion on December 4, 2006.

5  Third, the Court is reducing the requested fee because the plaintiff has not
6  met her burden of establishing that either the initial $175.00 hourly billing rate or
7  the subsequent $195.00 hourly billing rate for her senior paralegal, James Griffith,
8  is in line with those prevailing in the Phoenix Division of the District of Arizona for
9  paralegals of reasonably comparable skill, experience and reputation. The Court
10 concludes that a more reasonable paralegal billing rate is $150.00 per hour.[3]
11 The Court will therefore reduce the requested fee amount for Mr. Griffith's
12 services by $246.00.  Therefore,

13 IT IS ORDERED that the plaintiff's Motion for Award of Attorneys' Fees and
14 Related Non-Taxable Costs (doc. #74) is granted to the extent that the plaintiff is
15 awarded $47,068.50 in attorneys' fees and $1,983.27 in non-taxable expenses,
16 for a total of $49,051.77.

17 DATED this 16th day of July, 2008.

_____
Paul G. Rosenblatt
United States District Judge

---

[3] The plaintiff is requesting fees for Mr. Griffith at the rate of 1.4 hours at $175.00/hour and 4.2 hours at $195.00/hour, for a total of $1,064.00 (the plaintiff actually requested $1,086.00, but that included an overcharge of $22.00 for time sheet entry #174).  The Court will award the plaintiff $840.00 in fees for Mr. Griffith (5.6 hours at $150.00/hour).